UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action:

SHANISHA BULLOCK, INDIVIDUUALLY )
AND AS MOTHER AND NEXT FRIEND OF )
BATESE WOODBURY AND ATWAN S. )
BROWN AS ADMINISTRATOR OF THE )
ESTATE OF BENNIE BULLOCK, )
        Plaintiffs )  COMPLAINT AND
         )  DEMAND FOR A TRIAL
VS. )  BY JURY
         )
         )
COOPER TIRE AND RUBBER COMPANY, )
        Defendant )

## PARTIES

1. At all times relevant, Plaintiff, Shanisha Bullock, was an individual residing at 973 Morton Street, Apt. 2, Mattapan, Suffolk County, Massachusetts 02126.

2. At all times relevant, Plaintiff, Shanisha Bullock, Mother and Next Friend of Batese Woodbury, was an individual residing at 973 Morton Street, Apt. 2, Mattapan, Suffolk County, MA 02126.

3. At all times relevant, Atwan S. Brown was the duly appointed Administrator of the Estate of Bennie Bullock residing at 72 Messinger Street, Mattapan, Massachusetts 02126.

4. At all times relevant, Defendant, Cooper Tire and Rubber Company ("Cooper") was a Foreign Corporation duly organized under the laws of Deleware, with a principal place of business at 701 Lima Avenue, Findlay, Ohio, 45850 and with a registered agent at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110. Cooper is authorized to conduct business in Massachusetts, conducts business in Massachusetts, and derives significant revenue from its activities in Massachusetts.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue in this district is proper pursuant to 28 U.S.C § 1391(a)(2) because a substantial part of events or omissions on which the claim is based occurred in this district.

## FACTS

7. The Plaintiff repeats, reavers, and realleges paragraphs 1 through 6 of this Complaint, and incorporates them by reference as though fully set forth herein.

8. On or about April 8, 2007, a motor vehicle accident occurred wherein Plaintiff, Shanisha Bullock was lawfully operating a 2001 Kia Rio, using reasonable care and prudence, when suddenly and without warning, Plaintiff's tire, a Futura Plus, blew out causing her to lose control of the vehicle, veer erratically and collide with another vehicle.

9. At the time of the accident, the subject tire was being used as intended in a manner reasonably foreseeable to the Defendant.

10. As a result of the accident, plaintiff Shanisha Bullock suffered severe physical injuries, mental anguish and distress. Batese Woodbury suffered severe physical injuries, including brain damage and permanent loss of his right arm. Additionally, Bennie Bullock suffered fatal injuries.

## COUNT I – PRODUCTS LIABILITY
### Shanisha Bullock v. Cooper Tire and Rubber Company

11. Plaintiff repeats, reavers and realleges paragraphs 1 through 10 of this Complaint and incorporates them herein by reference as though fully set forth herein.

12. The Cooper tire in question was originally designed, manufactured and sold by Cooper.

13. At the time the tire was designed, manufactured and sold by Cooper; it was defective in its design, unreasonably dangerous and not reasonably suited for the use intended.

14. The defective design caused the tire to unexpectedly fail to function in a manner reasonably expected.

15. The defective manufacture and design of the tire ultimately caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of tires.

16. At the time the tire in question left the possession of Cooper, it was defective in manufacture, because it was unreasonably dangerous.

17. No material alterations were made to the tire.

18. At the time of the accident, the tire was in substantially the same condition as it was at the time it was placed into the stream of commerce.

19. The defective and unreasonably dangerous design of the tire was the producing cause of the accident and damages to plaintiffs.

20. As a direct and proximate result of the defects in the subject tire, plaintiff, Shanisha Bullock has suffered permanent injuries, great pain and suffering, mental anguish, property damage, lost wages and/or diminished earning capacity, and past, present and future medical expenses.

WHEREFORE, plaintiff, Shanisha Bullock demands judgment against the Defendant, Cooper Tire and Rubber Company under Count I, for the full amount of her damages, plus interest, costs and attorney's fees as permitted by law.

## COUNT II– PRODUCTS LIABILITY
### Shanisha Bullock, as Mother and Next Friend of Batese Woodbury v. Cooper Tire and Rubber Company

21. Plaintiff repeats, reavers and realleges paragraphs 1 through 20 of this Complaint and incorporates them herein by reference as though fully set forth herein.

22. The Cooper tire in question was originally designed, manufactured and sold by Cooper.

23. At the time the tire was designed, manufactured and sold by Cooper; it was defective in its design, unreasonably dangerous and not reasonably suited for the use intended.

24. The defective design caused the tire to unexpectedly fail to function in a manner reasonably expected.

25. The defective manufacture and design of the tire ultimately caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of tires.

26. At the time the tire in question left the possession of Cooper, it was defective in manufacture, because it was unreasonably dangerous.

27. No material alterations were made to the tire.

28. At the time of the accident, the tire was in substantially the same condition as it was at the time it was placed into the stream of commerce.

29. The defective and unreasonably dangerous design of the tire was the producing cause of the accident and damages to plaintiffs.

30. As a direct and proximate result of the defects in the subject tire, Batese Woodbury, a minor, has suffered permanent injuries, great pain and suffering, mental anguish, property damage, lost wages and/or diminished earning capacity, and past, present and future medical expenses.

WHEREFORE, plaintiff, Shanisha Bullock, as Mother and Next Friend of Batese Woodbury, demands judgment against the Defendant, Cooper Tire and Rubber Company under Count II, for the full amount of her damages, plus interest, costs and attorney's fees as permitted by law.

<u>COUNT III– PRODUCTS LIABILITY</u>
<u>Atwan S. Brown, as Administrator of the Estate of Bennie Bullock v. Cooper Tire and Rubber Company</u>

31. Plaintiff repeats, reavers and realleges paragraphs 1 through 30 of this Complaint and incorporates them herein by reference as though fully set forth herein.

32. The Cooper tire in question was originally designed, manufactured and sold by Cooper.

33. At the time the tire was designed, manufactured and sold by Cooper; it was defective in its design, unreasonably dangerous and not reasonably suited for the use intended.

34. The defective design caused the tire to unexpectedly fail to function in a manner reasonably expected.

35. The defective manufacture and design of the tire ultimately caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of tires.

36. At the time the tire in question left the possession of Cooper, it was defective in manufacture, because it was unreasonably dangerous.

37. No material alterations were made to the tire.

38. At the time of the accident, the tire was in substantially the same condition as it was at the time it was placed into the stream of commerce.

39. The defective and unreasonably dangerous design of the tire was the producing cause of the accident and damages to plaintiffs.

40. As a direct and proximate result of the defects in the subject tire, Bennie Bullock suffered fatal injuries, great pain and suffering, mental anguish, lost wages, and medical expenses.

WHEREFORE, plaintiff, Atwan S. Brown, as Administrator of the Estate of Bennie Bullock, demands judgment against the Defendant, Cooper Tire and Rubber Company under Count III, for the full amount of her damages, plus interest, costs and attorney's fees as permitted by law.

<u>COUNT IV- NEGLIGENCE</u>
Shanisha Bullock v. Cooper Tire and Rubber Company

41. Plaintiff repeats, reavers and realleges paragraphs 1 through 40 of this Complaint and incorporates them herein by reference as though fully set forth herein.

42. Defendant committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the accident and the damages to plaintiffs.

43. Defendant Cooper's acts of negligence include the following:

    a. Negligently manufacturing the tire;
    b. Negligently failing to properly test the tire;
    c. Negligently failing to warn the consumers of a known danger/defect in the tire;
    d. Negligently concealing known dangers associated with the tire;
    e. Negligently failing to recall the tire or, alternatively, warn consumers of known crashes precipitated by known tire problems.

44. As a direct and proximate result of the negligence of Cooper Tire, plaintiff, Shanisha Bullock has suffered permanent injuries, great pain and suffering, mental anguish, property damage, lost wages and/or diminished earning capacity, and past, present and future medical expenses..

WHEREFORE, plaintiff, Shanisha Bullock, demands judgment against the Defendant, Cooper Tire and Rubber Company under Count IV, for the full amount of damages, plus interest, costs and attorney's fees as permitted by law.

## COUNT V- NEGLIGENCE
Shanisha Bullock, as Mother and Next Friend of Batese Woodbury v. Cooper Tire and Rubber Company

45. Plaintiff repeats, reavers and realleges paragraphs 1 through 44 of this Complaint and incorporates them herein by reference as though fully set forth herein.

46. Defendant committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the accident and the damages to plaintiffs.

47. Defendant Cooper's acts of negligence include the following:

    a. Negligently manufacturing the tire;
    b. Negligently failing to properly test the tire;
    c. Negligently failing to warn the consumers of a known danger/defect in the tire;
    d. Negligently concealing known dangers associated with the tire;
    e. Negligently failing to recall the tire or, alternatively, warn consumers of known crashes precipitated by known tire problems.

48. As a direct and proximate result of the defects in the subject tire, Batese Woodbury has suffered permanent injuries, great pain and suffering, mental anguish, property damage, lost wages and/or diminished earning capacity, and past, present and future medical expenses.

WHEREFORE, plaintiff, Shanisha Bullock as Mother and Next Friend of Batese Woodbury, demands judgment against the Defendant, Cooper Tire and Rubber Company under Count V, for the full amount of damages, plus interest, costs and attorney's fees as permitted by law.

## COUNT VI- NEGLIGENCE
Atwan S. Brown as Administrator of the Estate of Bennie Bullock v. Cooper Tire and Rubber Company

49. Plaintiff repeats, reavers and realleges paragraphs 1 through 48 of this Complaint and incorporates them herein by reference as though fully set forth herein.

50. Defendant committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the accident and the damages to plaintiffs.

51. Defendant Cooper's acts of negligence include the following:

    a. Negligently manufacturing the tire;
    b. Negligently failing to properly test the tire;
    c. Negligently failing to warn the consumers of a known danger/defect in the tire;
    d. Negligently concealing known dangers associated with the tire;
    e. Negligently failing to recall the tire or, alternatively, warn consumers of known crashes precipitated by known tire problems.

52. As a direct and proximate result of the defects in the subject tire, Bennie Bullock suffered fatal injuries, great pain and suffering, mental anguish, lost wages, and medical expenses..

   WHEREFORE, plaintiff, Atwan S. Brown, as Administrator of the Estate of Bennie Bullock, demands judgment against the Defendant, Cooper Tire and Rubber Company under Count VI, for the full amount of damages, plus interest, costs and attorney's fees as permitted by law.

## COUNT VII- LOSS OF CONSORTIUM
Shanisha Bullock v. Cooper Tire and Rubber Company

53. Plaintiff repeats, reavers and reallegse paragraphs 1 through 52 of this Complaint and incorporates them herein by reference as though fully set forth herein.

54. On August 8, 2007, Shanisha Bullock was the daughter of Bennie Bullock and mother of Batese Woodbury.

55. As a proximate result of the injuries suffered by Bennie Bullock and Batese Woodbury, plaintiff, Shanisha Bullock, was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance and support of her Mother and child.

   WHEREFORE, plaintiff, Shanisha Bullock, demands judgment against the Defendant, Cooper Tire and Rubber Company under Count VII, for the full amount of her damages, plus interest, costs and attorney's fees as permitted by law.

COUNT VIII – WRONGFUL DEATH
Atwan S. Brown as Administrator of the Estate of Bennie Bullock v. Cooper Tire and Rubber Company

56. Plaintiff repeats, reavers and realleges paragraphs 1 through 55 of this Complaint and incorporates them herein by reference as though fully set forth herein.

57. The Defendant, Cooper Tire and Rubber Company, was negligent, reckless, and grossly negligent in manufacturing and distributing defective tires to unknowing consumers.

58. The Defendant, Cooper Tire and Rubber Company, knew or reasonably should have known that the tire in question was defective and the dangers associated with manufacturing, failing to recall said tires and/or failing to warn consumers of said defects.

59. The Administratror is seeking damages on behalf of the next of kin of the Decedent, including the fair monetary value of the Decedent to the persons entitled to receive the said damages recovered, including but not limited to compensation for the loss of society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered as well as the reasonable funeral and burial expenses of the Plaintiff's Decedent, and all other damages to which the said next of kin are entitled pursuant to Massachusetts General Laws Chapter 229, Section 2

WHEREFORE, Plaintiff Atwan S. Brown, as Administrator of the Estate of Bennie Bullock, demands judgment against the Defendant, Cooper Tire and Rubber Company under Count VIII, for the full amount of damages, plus interest, costs and attorney's fees as permitted by law.

COUNT IX – WRONGFUL DEATH (PUNITIVE DAMAGES)
Atwan S. Brown as Administrator of the Estate of Bennie Bullock v. Cooper Tire and Rubber Company

60. The Plaintiff repeats and re-alleges paragraphs 1 through 59 as though more fully set forth herein.

61. The Defendant's conduct was willful, wanton, reckless and/or grossly negligent.

62. As a direct and proximate result of the Defendant's willful, wanton, reckless and/or gross negligence and carelessness, the Plaintiffs decedent was caused severe conscious physical and mental pain and suffering, incurred medical expenses, suffered lost wages and an impairment of her earning capacity, and further, the Plaintiff's decedent was killed.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount that the finder of fact deems fair and just, plus punitive damages, costs, interest and the reasonable funeral and burial expenses incurred.

## COUNT X – CONCIOUS PAIN AND SUFFERING
### Atwan S. Brown as Administrator of the Estate of Bennie Bullock v. Cooper Tire and Rubber Company

63. Plaintiff repeats, reavers and realleges paragraphs 1 through 62 of this Complaint and incorporates them herein by reference as though fully set forth herein.

64. The Defendant, Cooper Tire and Rubber Company, was negligent, reckless, and grossly negligent in manufacturing and distributing defective tires to unknowing consumers.

65. The Defendant, Cooper Tire and Rubber Company, knew or reasonably should have known that the tire in question was defective and the dangers associated with manufacturing, failing to recall said tires and/or failing to warn consumers of said defects.

66. As a direct and proximate result of the negligence of the Defendant, the Plaintiff's Decedent suffered severe injuries resulting in his death, conscious pain and suffering, mental anguish, lost wages and/or loss of earning capacity, loss of life's enjoyment, and medical, hospital and nursing expenses.

WHEREFORE, the Plaintiff, Atwan S. Brown, as Administrator of the Estate of Bennie Bullock, demands judgment against the Defendant under Count X of this Complaint in the full amount of the Plaintiff's Decedent's just damages, plus interest, expenses, attorney's fees, funeral expenses, and reasonable and necessary medical, hospital, and nursing costs.

## COUNT XI – BREACH OF IMPLIED WARRANTIES

67. Plaintiffs repeat, reaver and reallege paragraphs 1 through 66 of this Complaint and incorporate them herein by reference as though fully set forth herein.

68. The Defendant, Cooper supplied the tire in question in a condition unfit for the ordinary purpose for which tires are used, because the tire in question lacked necessary components to make it adequate.

69. The unfit condition of the tire in question proximately caused the accident and damages to the Plaintiffs.

70. As a direct and proximate result of the defects in the subject tire, Shanisha Bullock has suffered permanent injuries, great pain and suffering, mental anguish, property damage, lost wages and/or diminished earning capacity, and past, present and future medical expenses. Additionally, Batese Woodbury suffered severe physical injuries, including brain damage and permanent loss of his right arm, and other permanent injuries, great pain and suffering, mental anguish, property damage, lost wages and/or diminished earning capacity, and past, present and future medical expenses. Additionally, Plaintiff, Atwan Brown's Decedent suffered severe injuries resulting in his death, conscious pain and suffering, mental anguish, lost wages and/or loss of earning capacity, loss of life's enjoyment, and medical, hospital and nursing expenses.

Wherefore, the Plaintiffs demand judgment against the Defendant under Count XI of this Complaint in the full amount of their just damages, plus interest, expenses, attorney's fees, funeral expenses, and reasonable and necessary medical, hospital, and nursing costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

        Respectfully submitted by the Plaintiffs,
Shanisha Bullock individually and as Mother and Next Friend of Batese Woodbury and Atwan Brown as Administrator of the Estate of Bennie Bullock,
By their Attorney,

 /s/Michael P. Welsh
Michael Welsh, Esq.
**Law Offices of Howard M. Kahalas, P.C.**
6 Beacon Street, Suite 700
Boston, Massachusetts 02108
(617) 523-1155
BBO #555678

Dated: April 2, 2010